**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **GRAPHENE PLATFORM CORPORATION,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| | § | **No. 6:25-CV-00259-LS** |
| **v.** | § | |
| | § | |
| **NANOXPLORE INC AND RMC ADVANCED TECHNOLOGIES INC,** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME AND GRANTING DEFENDANT'S RULE 12((b)(6) MOTION TO DISMISS**

Plaintiff Graphene Platform Corporation sues Defendants NanoXplore Inc., and RMC Advanced Technologies Inc., for allegedly infringing several of its patents related to graphene technology and materials. Defendants moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6).[1] Three weeks after Plaintiff's response was due, Plaintiff requested leave to file its response out of time.[2] For the reasons explained below, the Court denies Plaintiff's motion for leave to respond out of time and grants Defendants' motion to dismiss without prejudice.

## I. LEGAL STANDARD.

A party may move to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] ECF No. 15.
[2] ECF No. 16.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A complaint must support legal conclusions with factual allegations.[5]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[6] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[7] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8] "'[N]aked assertions' devoid of 'further factual enhancement'" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[9]

Although Federal Circuit precedent controls issues "unique to patent law,"[10] courts apply the regional circuit's law when deciding whether to grant motions that raise purely procedural issues, such as motions to dismiss under Rule 12(b)(6).[11]

## II. ANALYSIS

### *A. Defendants' Motion to Dismiss is Unopposed Because Plaintiff Failed to File a Timely Response or Show Excusable Neglect.*

Under Local Rule CV-7(d)(2), a response to a dispositive motion, such as a motion to dismiss, is due "not later than 14 days after the filing of the motion."[12] "If there is no response filed within the [prescribed] time period . . . the court may grant the motion as unopposed."[13]

---

[4] *Id.*
[5] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[6] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).
[8] *Twombly*, 550 U.S. at 555.
[9] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").
[10] *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012).
[11] *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016).
[12] L.R. CV-7(d)(2).
[13] *Id.*

However, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[14] In determining whether a party has shown excusable neglect, courts consider factors such as "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[15] The movant bears the burden of showing excusable neglect.[16]

Plaintiff was required to respond to the motion to dismiss on or before January 26, 2026. It waited, however, until February 18, 2026, to seek leave to file its response 24 days late.[17] Plaintiff explains in its motion that the "delay arose from the parties' active, good-faith efforts to achieve an early business resolution and to finalize a standstill framework intended to avoid unnecessary motion practice," during which Plaintiff's counsel "was briefly out of office on a pre-planned vacation."[18] Plaintiff's counsel allegedly returned from vacation "expecting the standstill framework [to] be finalized and '[for] the parties [to] proceed promptly with business discussions," only to learn "that [Defendants] had no interest in proceeding with the business/standstill track, which was unexpected and required Plaintiff to reconvene and align business decisionmakers regarding next steps."[19]

The Court finds that, under the *Pioneer* factors, Plaintiff cannot show that its delay resulted from excusable neglect. For one, Plaintiff waited more than three weeks beyond the deadline to

---

[14] Fed. R. Civ. P. 6(b)(1)(B).
[15] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).
[16] *Suarez v. Helvie*, No. EP-22-CV-00344, 2024 WL 7051034, at *5 (W.D. Tex. Feb. 2, 2024).
[17] ECF No. 16 at 3.
[18] *Id.*
[19] *Id.*

act.[20] Second, Plaintiff argues that good faith "business resolution"[21] discussions caused the delay, but Defendants explicitly reject that any such discussions occurred and attach email correspondence between the parties' counsel in support.[22] In any event, even if such discussions had occurred, they would not excuse Plaintiff from complying with the Court's filing deadlines. Nor is the prescheduled vacation of Plaintiff's counsel a valid reason for missing the filing deadline, because that was entirely within counsel's "reasonable control"—counsel had "all the information it needed" to timely respond to Defendants' motion to dismiss or seek an extension of the response deadline.[23] Defendants are also arguably prejudiced by Plaintiff's delay in filing because it "caus[ed] Defendants to incur unnecessary legal fees and hinder[ed] speedy resolution of this matter."[24]

Plaintiff did not file a timely response to Defendants' motion to dismiss and has not shown excusable neglect for such failure. Accordingly, the Court denies Plaintiff's motion for leave to respond out of time and grants the motion to dismiss as unopposed.

### *B. In the Alternative, The Amended Complaint Fails to State a Claim.*

Even if Plaintiff had timely filed its response to the dismissal motion, the Court would grant Defendants' motion to dismiss because the Amended Complaint fails to state viable claims.

#### 1. Direct Infringement

Direct infringement occurs when a defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent

[20] Other courts in this circuit have upheld district court findings of no excusable neglect for delays of similar length. *See In re DLH Master Land Holding, L.L.C.*, 464 F. App'x 316, 318-19 (5th Cir. 2012) (42-day delay).
[21] ECF No. 16 at 3.
[22] ECF No. 19 at 5-6; ECF No. 19-2 at 5-6.
[23] *Matter of ValuePart, Incorporated*, 802 F. App'x 143, 148 (5th Cir. Mar. 20, 2020).
[24] *Del Mor Logistics, LLC v. GB Carriers, LLC*, No. EP-14-cv-053, 2014 WL 12580441, at *1 (W.D. Tex. July 7, 2014).

therefor."[25] The Fifth Circuit adopts[26] the Federal Circuit's flexible pleading standard for direct infringement[27]: "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim," but merely "reciting the claim elements" and "concluding that the accused product has those elements" is not enough.[28]

Here, the Amended Complaint alleges that Defendants infringed the following patents held by Plaintiff (the "Patents-in-Suit"): Patent No. 9,428,393 (the "'393 patent"); Patent No. 9,587,134 (the "'134 patent"); Patent No. 9,598,593 (the "'593 patent"); Patent No. 9,552,900 (the "'900 patent"); Patent No. 9,815,987 (the "'987 patent"); Patent No. 9,862,833 (the "'833 patent"); Patent No. 9,862,834 (the "'834 patent"); Patent No. 10,421,863 (the "'863 patent"); Patent No. 9,404,058 (the "'058 patent"); and Patent No. 9,752,035 (the "'035 patent").[29] Plaintiff centers its direct infringement claim on the '393 patent.

**a. '393 Patent**

Plaintiff asserts that Defendants are directly infringing its '393 patent by "making, using, selling, or offering for sale in the United States . . . industrial graphene powders which are made from natural flake graphite," which allegedly "embody or use the inventions claimed in the" '393 patent.[30] The '393 patent describes and claims "a graphite-based carbon material useful as a graphene precursor, from which graphene is easily exfoliated by carrying out predetermined treatments to natural graphite, and which makes it possible to disperse graphene at a high

[25] 35 U.S.C. § 271(a).
[26] *See HourExchange, LLC v. Student Loan Benefits, Inc.*, 2023 WL 139150, at *2 (W.D. Tex. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 11830026 (W.D. Tex. Mar. 9, 2023); *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 909-10 (W.D. Tex. 2022).
[27] *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("A plaintiff is not required to plead infringement on an element-by-element basis." (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).
[28] *Id.* at 1353.
[29] ECF No. 5 at 1.
[30] *Id.* at 5-6.

concentration or to a high degree[, which] is called a graphene precursor."[31] According to the Amended Complaint, Defendants' industrial graphene powders—GrapheneBlack0X and GrapheneBlack3X—"comprise a graphite-based carbon material derived from natural flake graphite" that is "designed specifically for advance industrial applications."[32] Because the rates of the "rhombohedral graphite layers" of Defendants' graphene powders "exceed[] 31%," the graphene powders "directly meet[s] the limitations stated" in the '393 patent.[33] Defendants argue that Plaintiff does not plausibly plead direct infringement because their graphene powders are "end-products" that have been "already exfoliated from natural graphite" and thus cannot qualify as a "graphene precursor."[34]

The Court agrees with Defendants. Because GrapheneBlack0X and GrapheneBlack3X have already been exfoliated from natural graphite, they are not a material "from which graphene is easily exfoliated by carrying out predetermined treatments to natural graphite," and Plaintiff has not made any such contention.[35] Since Plaintiff's allegations make it "not even possible, much less plausible," that Defendants' graphene powders meet the '393 patent's definition of a "graphene precursor," Plaintiff fails to plausibly plead that Defendants have infringed the '393 patent.[36]

**b. Plaintiffs' Other Patents**

Plaintiff conclusorily asserts infringement of the nine other Patents-in-Suit.[37] However, Plaintiff does not allege any facts showing that Defendants are "mak[ing], us[ing], offer[ing] to

[31] ECF No. 5-1 at 22.
[32] ECF No. 5 at 5-6.
[33] *Id.* at 6.
[34] ECF No. 15 at 6-8.
[35] *Id.* at 8.
[36] *Bot M8*, 4 F.4th at 1354.
[37] ECF No. 5 at 7-9.

sell, or sell[ing]" any product that fall within the claims of those patents.[38] Indeed, the Amended Complaint suggests that Defendants' graphene end-products infringe only the '393 patent.[39] Because the complaint fails to place Defendants "on notice of what activity . . . is being accused of infringement" with regards to the other Patents-in-Suit,[40] Plaintiff fails to plausibly plead direct infringement of the "'134 patent," the "'593 patent," the "'900 patent," the "'987 patent," the "'833 patent," the "'834 patent," the "'863 patent," the "'058 patent," and the "'035 patent."

**2. Indirect Infringement**

Plaintiff's claims of indirect patent infringement of the Patents-in-Suit—specifically induced infringement or contributory infringement—also fail. To state a claim for induced infringement, a plaintiff "must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"[41] As for contributory infringement, a plaintiff must plead "(1) knowledge of the patent, (2) knowledge of the acts alleged to be infringement, and (3) that the item provided by the defendant is not suitable for substantial non-infringing use."[42] Importantly, "where there has been no direct infringement [of a patent]," a party cannot be held liable for indirect infringement.[43]

Here, Plaintiff alleges both induced infringement under 35 U.S.C. § 271(b) and contributory infringement under § 271(c). But with no plausible claim that any of the Patents-in-

---

[38] 35 U.S.C. § 271(a).
[39] *See* ECF No. 5 at 5.
[40] *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed Cir. 2017).
[41] *Id.* (citing *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)); *see also* 35 U.S.C. § 271(b).
[42] *Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 565 (W.D. Tex. Aug. 5, 2022).
[43] *Limelight Networks, Inc. v. Akamai Tech., Inc.*, 572 U.S. 915, 922-23 (2014).

Suit have been directly infringed, Plaintiff's indirect-infringement claims concerning the Patents-in-Suit fail as well.

### 3. Willful Infringement

Finally, Plaintiff's claims for willful infringement also fail. To plead willful infringement, a plaintiff must plausibly allege that, when the claim was filed, "the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent."[44] Because Plaintiff has not plausibly alleged that Defendants infringed any of the Patents-in-Suit, Plaintiff's willful-infringement claim must also be dismissed.

### *C. The Amended Complaint Is Dismissed with Leave to Amend.*

Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."[45] As Plaintiff may be able to cure the Amended Complaint's defects and as Plaintiff has amended its complaint only once, the Court grants Plaintiff until October 19, 2026, to file a final amended complaint that addresses the foregoing deficiencies.

## III. CONCLUSION.

The Court **DENIES** Plaintiff's motion for leave to file a response to Defendants' motion to dismiss [ECF No. 16], and **GRANTS** Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim [ECF No. 15]. The Amended Complaint [ECF No. 5] is **DISMISSED**, and **Plaintiff must file its final amended complaint on or before October 16, 2026**.

---

[44] *Parity Networks, LLC v. Cisco Systems, Inc.*, No. 6:19-cv-00207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

[45] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**